**Victoriano GARCIA–FARIAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70401.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2004.*

Decided June 16, 2004.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Victoriano Garcia–Farias, Forks, WA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Office of the District Counsel, Seattle, WA, David M. McConnell, Julia K. Doig, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

Appellant Victoriano Garcia–Farias appeals the oral decision of the Immigration Judge, which the Board of Immigration Appeals affirmed without opinion, denying his petition for cancellation of removal. The IJ determined that, on three separate occasions at the U.S.-Mexican border, Garcia–Farias was granted administrative voluntary departure and returned to Mexico. The IJ concluded that these returns to Mexico interrupted Garcia–Farias's continuous presence in the United States, and, therefore, Garcia–Farias failed to qualify for cancellation of removal. We presume that the parties are familiar with the facts of the case and refer to them only as necessary in this disposition. For the reasons stated below, we affirm.

#### I. *Streamlining*

 Garcia–Farias first contends that the BIA erred in opting to affirm without opinion because his case presented novel factual and legal issues. However, whatever reason the BIA employed in deciding to streamline Garcia–Farias's case, we need not review such decision because we have jurisdiction to review the merits of the claim directly. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003); *see also Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

#### II. *Ten–Year–Presence Requirement*

The IJ determined that, on three occasions in January 2000, Garcia–Farias "was granted administrative voluntary return by the Service and was returned to Mexico and immediately illegally re-en-

tered this country." Although the record indicates that such voluntary departures occurred at the border, they nonetheless constitute departures upon threat of deportation and therefore interrupt Garcia–Farias's continuous presence in the United States. *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 973 (9th Cir.2003). Because Garcia–Farias could not demonstrate that he satisfied the ten-year continuous presence requirement, the IJ did not err in concluding that Garcia–Farias did not qualify for cancellation of removal.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.